Eugene N. JONES, Petitioner,

v.

Arthur CALDERON, Warden, Respondent.

No. 03–16602.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 18, 2004.

---

Eugene N. Jones, Corcoran, CA, pro se.

Ronald E. Niver, DAG, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent.

Before: REINHARDT, THOMPSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Eugene N. Jones appeals from the district court's denial of his petition for writ of habeas corpus. Jones was convicted in California state court of the crimes of second degree robbery and attempted car jacking. As Jones had two prior strikes under California's Three Strikes Law, he was sentenced to 30 years to life for his latest conviction. Jones claims that he received ineffective assistance of counsel because his trial attorney failed to perform any investigation of the facts of his case before recommending that he reject a seven year plea offer, a recom-

* This disposition is not appropriate for publication and may not be cited to or by the courts

mendation premised on the mistaken understanding that Jones had only one prior strike.

The state court decision was an unreasonable application of clearly established Supreme Court law, namely *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d). Under *Strickland*, Jones must show that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense" 466 U.S. at 687, 104 S.Ct. 2052. Jones demonstrated both.

As to the deficiency prong, there is no doubt that Jones's attorney's performance was ineffective. She did not conduct even the most minimal of investigations regarding the facts before advising Jones to reject the seven year plea bargain. Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691, 104 S.Ct. 2052. No such investigation or reasonable decision occurred here. Had Jones's attorney either read her office's file on Jones's criminal history or obtained and examined his conviction records, which she admits she did not do, she would have discovered that Jones had two prior strikes from a prior burglary convictions because California treats multiple counts in a single case as separate strikes. She would have therefore learned that he was not facing eleven years, as she suspected, but thirty years to life. During an evidentiary hearing, Jones's counsel admitted that prior conviction history was important, especially in three strikes cases, and explained that she routinely looks at conviction records, though she gave no reason why she did not do so before advising Jones. An expert confirmed that an effective attorney would have done a more

of this circuit except as provided by Ninth Circuit Rule 36–3.

thorough investigation of the facts than Jones's lawyer did. In sum, Jones's attorney's conduct falls "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052.

As to the prejudice prong, there is overwhelming evidence that, had Jones been properly informed, he would have accepted the seven year plea bargain. Jones's attorney admitted during the evidentiary hearing that, had she known Jones already had two strikes against him, she would have recommended he accept the seven year plea. She further testified that after the district attorney had taken the seven year deal off the table and Jones belatedly learned that he was facing a third strike, Jones asked to have the seven year plea reinstated.[1] As Jones has established that he would have taken the plea, he has more than shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The state court's application of *Strickland* in this case was "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

The remedy we provide to Jones "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). The appropriate remedy in Jones's case is to return him to the position he would have been in but for his counsel's unconstitutional behavior. Therefore, we direct that Jones's conviction be vacated and that Jones be allowed to accept the seven year plea offer and, along with the prosecution, present the plea agreement to the state court for approval. In determining its course of action, the state court may consider the totality of the current circumstances, including the fact that Jones has already served more than seven years, indeed more than eleven.

**REVERSED** and **REMANDED** for issuance of a writ consistent with this decision.

THOMPSON, J., dissenting.

Because the state court's decision in this case was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law, *see* 28 U.S.C. § 2254(d), I respectfully dissent.

The California Court of Appeal, applying the "highly deferential" review required by *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), concluded that Jones's counsel's performance was not deficient. In reaching this conclusion, the state court emphasized that given the existence of three independent sources of information indicating that Jones had only one prior felony conviction that qualified as a "strike," it was not objectively unreasonable under *Strickland* for his counsel not to have pursued further investigation. Jones thus failed to meet the standard required by 28 U.S.C. § 2254(d). I would affirm the district court's denial of his application for a writ of habeas corpus.

---

1. Jones also testified at the evidentiary hearing that he would have accepted the seven year deal. The state trial court did not credit this testimony, however, and we therefore do not rely on it.